UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cr-00221-SEB-TAB |
| | ) | |
| RICHARD BERNARD GRUNDY, III (01), EZELL NEVILLE (02), GILBERTO VIZCARRA-MILLAN (04), MARIO EDUADO VILLASENOR (05), EMILIO MITCHELL, II (06), EMILIO MITCHELL, JR. (07), LANCE L. HATCHER, JR. (08), THOMAS BULLOCK (09), DION G. MADISON (10), FRANK S. EARLY (11), FRANKIE B. RAY (12), CHRISTOPHER BRADFORD (13), DAONA LE'ANN GHOLSTON (14), | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cr-00222-JMS-TAB |
| | ) | |
| DAVID C. CARROLL (01), MICHAEL HYATTE (02), LANCE HATCHER, JR. (03), NATHANIEL DIXSON (04), DEREK ATWATER (06), ROBERT LISENBY, JR. (07), TORIN A. HARRIS (08), JOHN E. BELL (09), SHEMILAH D. CROWE (10), JAMES O. BEASLEY (11), RICHARD BERNARD GRUNDY, III (12), GILBERTO VIZCARRA-MILLAN (13), MARIO EDUADO VILLASENOR (14), EZELL NEVILLE (15), CHRISTOPHER D. BRADFORD (16), UNDRAE MOSEBY (17), EMILIO MITCHELL, II (18), THOMAS BULLOCK (19), MARK T. WILLIAMS (20), ISIAH T. FINCH (21), DION G. MADISON (22), FRANK S. EARLY (23), EMILIO MITCHELL, JR. (24), DAONA LE'ANN GHOLSTON (25), | ) | |
| | ) | |
| Defendants. | ) | |

1

**ORDER**

Two separate but related criminal cases currently pend on the Court's docket, each assigned to a separate judge: (1) *United States of America v. Richard Bernard Grundy, III, et al.*, No. 1:17-cr-00221-SEB-TAB ("*Grundy*"); and (2) *United States of America v. David C. Carroll, et al.*, No. 1:17-cr-00222-JMS-TAB ("*Carroll*"). Both indictments were filed on the same day. The *Grundy* and *Carroll* cases, though separate matters, overlap in certain respects including with some common defendants and similar offenses relating to a continuing criminal enterprise that includes a conspiracy to distribute methamphetamine, distribution of methamphetamine, and conspiracy to launder monetary instruments. This Order lays out the trial procedures going forward in an effort to enhance the prospect of just, prompt and efficient adjudications of each of these cases.

## I.
### BACKGROUND

**A. The *Grundy* Case**

The original Indictment in the *Grundy* case was filed on November 9, 2017 and was brought against fourteen defendants. [Filing No. 1 in *Grundy*.] Trial in the *Grundy* case is currently scheduled for November 5, 2018. The Court has been informed that it is expected to require four weeks to complete. Having determined that it was logistically infeasible to try all fourteen defendants as a group in a single trial, the undersigned judge assigned to this matter directed the Government to determine which five defendants it would bring to trial first, leaving for subsequent trial(s) the remaining defendants in whatever groupings seem most manageable. [Filing No. 194 in *Grundy*.] In response to that directive, the Government has identified the five defendants it intends to try on November 5, 2018 and preparations have proceeded accordingly. [Filing No. 199 in *Grundy*.] A final pretrial conference will convene in mid-October to allow

pending motions to be addressed and resolved and to ensure an orderly trial when it commences in early November.

### B. The *Carroll* Case

The Government filed the original Indictment in the *Carroll* case on November 9, 2017 naming eleven defendants. [Filing No. 1 in *Carroll*.] Less than two weeks ago a Superseding Indictment was filed, on September 12, 2018, against twenty-five defendants.[1] [Filing No. 280 in *Carroll*.] Eleven of the defendants included in the Superseding Indictment are defendants in the *Grundy* case. Three of the newly-added defendants were not included in either *Grundy* or *Carroll*. The Government has stated in its Motion to Seal Superseding Indictment that "[t]he charges against the preexisting defendants are substantially similar to the charges that they faced in the initial [*Grundy* and *Carroll*] indictments and are not diminished by the superseding indictment." [Filing No. 248 at 4.] The *Carroll* case is scheduled for trial on January 14, 2019, and is expected to extend over four to five weeks. [Filing No. 150 in *Carroll*.] The Government apparently intends to move to dismiss the *Grundy* case, but has not yet done so.

## II.
### MANAGEMENT OF THE *GRUNDY* AND *CARROLL* DOCKETS

The Superseding Indictment in *Carroll* incorporates most of the defendants in *Grundy* and appears to encompass many if not all of the charges stemming from the same conduct that underlies the allegations in *Grundy*. This new filing (the Superseding Indictment) in its opacity suggests an effort by the Government simply to repackage existing claims, the justification for which action has not been explained to the Court nor is it apparent. We have some theories, of course. From the Court's perspective, this strategy of filing a much belated superseding indictment is highly

---

[1] Neither Mr. Carroll nor Mr. Harris were named in the Superseding Indictment.

3

problematic, presenting serious scheduling difficulties in terms of docket management and threats to the fairness to which the *Grundy* defendants and their attorneys are entitled, who not only expect but are making plans to go to trial a mere five weeks from now. Accordingly, we order as follows:

**A. Defendants Added in the *Carroll* Superseding Indictment**

Pursuant to the Court's inherent and statutory authority to manage its docket[2] and in accordance with Local Rule 40-1(e), the undersigned judges in their discretion hereby **ORDER** respectively that all charges brought against defendants in the *Carroll* Superseding Indictment who were originally named as defendants in *Grundy* be **TRANSFERRED** to the *Grundy* case. *See* Local Rule 40-1(e) ("When the court determines that two cases are related, the case filed later may, in the court's discretion, be transferred to the judicial officer handling the earlier-filed case"). Specifically, the Counts filed in the *Carroll* Superseding Indictment against defendants Richard Grundy, III, Gilberto Vizcarra-Millan, Mario Villasenor, Ezell Neville, Christopher Bradford, Emilio Mitchell, II, Thomas Bullock, Dion Madison, Frank Early, Emilio Mitchell, Jr., and Daona Gholston shall be transferred to the *Grundy* case. To the extent that such transferred charges are duplicative of the original *Grundy* charges, they should be dropped. As a result, the only remaining

---

[2] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (federal courts have the inherent authority to manage their own dockets efficiently and this authority is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"). The Federal Rules of Criminal Procedure are "to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Fed. R. Crim. P. 2. This principle is reflected in Federal Rule of Criminal Procedure 14, which permits severance of trials when it appears that a party would be prejudiced by joinder, and which courts have recognized also is consistent with the court's power to sever defendants for trial sua sponte. *See, e.g., United States v. McManus*, 23 F.3d 878, 882-83 (4th Cir. 1994); *United States v. Casamento*, 887 F.2d 1141, 1151 (2d Cir. 1989) ("district judges must retain a considerable degree of discretion in determining whether, on balance, the fair administration of justice will be better served by one aggregate trial of all indicted defendants or by two or more trials of groups of defendants"); *United States v. Nachamie*, 101 F.Supp.2d 134, 151 (S.D. N.Y. 2000) ("A court has the inherent power to sever trials in the interest of efficient judicial administration").

defendants in *Carroll* will be those previously named in the original Indictment in *Carroll* – to wit, David Carroll, Michael Hyatte, Lance Hatcher, Jr., Nathaniel Dixson, Derek Atwater, Robert Lisenby, Jr., Torin Harris, John Bell, Shemilah Crowe, and James Beasley – as well as those who were added in the *Carroll* Superseding Indictment and who are not defendants in *Grundy* – to wit, Undrae Moseby, Mark Williams, and Isiah Finch.

### B. *Grundy* and *Carroll* Trial Schedules

We are confident that it comes as no surprise either to the Government or to defense counsel that these docket management steps imposed herein reflect the Herculean challenges the Court faces in responding to the nearly two-fold increase in criminal cases filed over the past year in this district. Statistical data confirms what each individual judge experiences on a daily basis: that ours is the second busiest district court in the country with 1,028 weighted filings per judgeship. U.S. District Courts – Combined Civil and Criminal Federal Court Management Statistics (Dec. 31, 2017) http:www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2017.pdf.

The assigned Assistant United States Attorneys have informed the undersigned judges as well as defense counsel that the *Grundy* and *Carroll* trials are, respectively, expected to require at least four weeks to try. Finding sufficient time on our already full calendars to focus on a single prosecution such as these presents an ongoing struggle. The eleventh-hour filling of a superseding indictment without a clearly apparent justifying exigency threatens to radically alter the scheduling landscape (*e.g.*, the addition of fourteen new defendants, as in the *Carroll* Superseding Indictment). Such disruptions cannot be permitted to trump all the other interests without just cause or reason.

The *Grundy* case will therefore proceed to trial as scheduled, with the first *Grundy* trial commencing on **November 5, 2018**. Trial scheduling and logistics for *Carroll* will be addressed in a separate entry.

IT IS SO ORDERED:

Date: 9/26/2018

*[signature]*

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Date: 9/26/2018

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**