UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEREK ATWATER, | ) | NO. 1:17-cr-0222-JMS-TAB-06 |
| a/k/a Shorty, | ) | |
| JAMES O. BEASLEY, | ) | -11 |
| a/k/a Jake, | ) | |
| RICHARD BERNARD GRUNDY, III, | ) | -12 |
| a/k/a White Boy, | ) | |
| GILBERTO VIZCARRA-MILLAN, | ) | -13 |
| a/k/a G, | ) | |
| EZELL NEVILLE, | ) | -15 |
| a/k/a Bo, | ) | |
| UNDRAE MOSEBY, | ) | -17 |
| a/k/a Soundrae Evans, | ) | |
| MARK T. WILLIAMS, | ) | -18 |
| a/k/a Savage, | ) | |
| | ) | |
| Defendants, | ) | |

**GOVERNMENT'S RESPONSE TO MOTION TO CONTINUE JURY TRIAL**

The United States of America, through undersigned counsel, files this Response to the Joint Motion to Request a Continuance filed by defendants Undrae Moseby and Mark T. Williams, and avers the following in support of this Response:

1. On November 9, 2017, a federal grand jury returned two separate indictments relating to this case. These indictments charged Derek Atwater, James Beasley, Richard Grundy III, Gilberto Vizcarra-Millan, and Ezell Neville

1

with conspiracy to distribute controlled substances and related offenses. (1:17-cr-0221, Dkt. 1; 1:17-cr-0222, Dkt. 1.)  On September 12, 2018, the grand jury returned a Superseding Indictment.  (1:17-cr-0222, Dkt. 280.) The Superseding Indictment maintained and consolidated the charges filed against Atwater, Beasley, Grundy III, Vizcarra-Millan, and Neville and added defendants Mark T. Williams and Undrae Moseby to the case.  (*Id.*)

2.   On October 25, 2018, the Court held a status conference with all counsel of record in this case.  After conferring with counsel, the Court scheduled the trial to begin on July 8, 2019.  (1:17-cr-0222, Dkt. 491.)  Since that date, the Court has held periodic status conferences with all counsel of record in this case and the parties have consistently confirmed their preparation and intent to conduct the trial on July 8, 2019.  The most recent status conference at which all parties confirmed their readiness occurred on May 29, 2019.  (*See* 1:17-cr-0222, Dkt. 654.)  No attorney indicated an intention to move to continue the trial date during this conference.

3.   On June 11, 2019, defendants Moseby and Williams filed a joint motion requesting to continue the jury trial.  (1:17-cr-0222, Dkt. 669.)  In the motion, counsel for Moseby and Williams indicated that they had spoken together with their clients on June 9, 2019 and learned that they wanted to present a joint defense.  (*Id.*)  At the time of this motion, counsel for Moseby had represented him for eight months and counsel for Williams had represented him for over three months before this realization occurred.  (*Id.*)

2

4. The undersigned has had extensive discussions with counsel for Moseby and Williams and believes that they have competently represented both defendants throughout their participation in the case. The undersigned has also met with counsel on several occasions to highlight evidence that specifically pertains to each of their clients and has held "reverse proffers," during which the undersigned met with defense counsel and their clients to review evidence pertaining to their cases. During the ongoing discussions with defense counsel, it appeared clear to the undersigned that they have thoroughly reviewed the evidence in the case and discussed potential defenses with their clients. The fact that Moseby and Williams have waited until now to tell their lawyers that they want to present a joint defense, and apparently specified the contours of this joint defense, should not be held against their lawyers. Neither should the defendants' delay in presenting this theory of defense support a motion for a continuance this close to a long-scheduled trial that will take several weeks to conduct.

5. The government does contest the allusions contained in the motion that the government has not fully complied with its discovery obligations. The motion indicates that there is "an additional hard drive [containing discovery materials] that is still forthcoming, a list of exhibits that is still forthcoming, and a list of witnesses that is still forthcoming." (*Id.* at 2.) The deadlines for exhibit and witness lists have been set by the Court and the government remains in full compliance with the Court's disclosure schedule. The hard

drive to which the defendants refer does not contain new discovery material. Instead, as a professional courtesy, the undersigned has offered to provide defense counsel with advance copies of all of the exhibits that it intends to present at trial. The government has offered to present this evidence electronically on a hard drive, so that each defense lawyer could review the vidence in an electronic format that they could also bring into court. The exhibits contained in the hard drive will be numbered, marked, and organized as the same manner in which the government intends to present the evidence at trial. The hard drive alluded to by defense counsel does not contain any new discovery material; instead, it contains already disclosed material in the format that the government will present the evidence at trial. The government vigorously objects to the suggestion that it has not complied with its Rule 16 discovery obligations. A professional courtesy offered by the government should not become mischaracterized as a failure to comply with its discovery obligations. The government has fully complied with its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure and strongly objects to any suggestion that it has not complied with its statutory discovery obligations.

6.   Defense counsel also note that they have continued to negotiate potential guilty pleas with the government. (*Id.* at 2.)   Based upon conversations that the undersigned has had with defense counsel, however, the undersigned believes that counsel for Moseby and Williams have discussed

potential defenses with Moseby and Williams concurrently with these plea negotiations. The government's willingness to continue to pursue plea negotiations with the defendants should not justify a continuance of the trial date.

7. Certainly, the belated disclosure by Moseby and Williams about the theories of defense that they wish to present at trial has put defense counsel in a difficult position. The government sympathizes with defense counsel about the position in which Moseby and Williams have placed them. However, the decision by Moseby and Williams to bring this joint defense to their lawyers' attention at this late date does not justify a continuance of the trial date.

8. In considering a motion to continue a jury trial, the Court must consider defense counsel's need to have reasonable time to effectively prepare for trial. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court also must consider the best interest of the public in a speedy trial. *Id.,* § 3161(h)(7)(A). Because the delay sought by the defendants stems from the failure of the defendants to communicate their joint defense to their lawyers in a timely manner, and not the complexity of the case or the failure of defense counsel to pursue theories of defense in a timely manner, the public's interest in a speedy trial should prevail with regard to the defendant's motion for a continuance.

9. In the event the Court grants the motion to continuance filed by Moseby and Williams, however, it should not sever their cases and hold two

5

separate trials. Severing the cases and holding two separate trials would defeat the end of judicial economy. In addition, a severance would substantially increase the threat to government witnesses and their families. The government would become required to present the names of government witnesses to the public and present their testimony during the trial involving the first five defendants, and then wait for several months before the trial involving Moseby and Williams to occur. This intervening time period would allow individuals associated with the defendants to intimidate and seek retribution against these witnesses, thus prejudicing the government's case against Moseby and Williams.

WHEREFORE, the government requests the Court to deny the motion to continue filed by Moseby and Williams. In the event the Court grants the motion, however, the government requests the Court to continue the trial for all of the defendants. Under this circumstance, the time periods set forth in the Speedy Trial Act would toll for all of the defendants under 18 U.S.C. § 3161(h)(6).

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:   *s/Bradley A. Blackington*
Bradley A. Blackington
Senior Litigation Counsel

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **June 12, 2019**, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/Bradley A. Blackington<br>
Bradley A. Blackington<br>
Senior Litigation Counsel

Office of the United States Attorney
10 West Market Street
Suite 2100
Indianapolis, Indiana 46204